United States District Court
Southern District of Texas
**ENTERED**
October 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TOMASA CANTU, § | | |
| Petitioner § | | |
| § | | |
| v. § | | Civil Action No. 1:19-cv-108 |
| § | | |
| ROBERT M. COWAN, ET AL., § | | |
| Respondents § | | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

Pending before the Court is Tomasa Cantu's "Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" (hereinafter, referred to as Cantu's "Petition"). Dkt. No. 1. Cantu's Petition names the following individuals and entities as defendants: (1) Robert M. Cowan, Director of the United States Citizen and Immigration Services ("USCIS"); (2) Norma A. Limon, Harlingen Field Office Director of the USCIS; (3) Kevin McAleenan, Acting Director of the Department of Homeland Security; (4) William P. Barr, United States Attorney General; and (5) the United States of America (hereinafter, "Respondents"). *Id*. at 1-2. Respondents have filed a Motion to Dismiss Cantu's Petition pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter, Respondents' "Motion" or "Motion to Dismiss"). Dkt. No. 3. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Respondents' Motion to Dismiss; (2) **DISMISS** Cantu's Petition without prejudice as moot; and (3) **DIRECT** the Clerk of Court to close this case.

## I.  Statement of the Case

Cantu claims that she is a Mexican National who has resided in Texas since approximately 2000.  Dkt. No. 1 at 2.  She asserts that this Court has jurisdiction over her Petition pursuant to 28 U.S.C. §§ 1331, 1346(a)(2), 2201, 2241, and 5 U.S.C. § 702, *et seq*.  *Id*. at 2 ("Jurisdiction lies under 28 U.S.C. §§ 1331 (federal question), 1346(a)(2) (actions against officers of the United States, 2201 et seq, (the Declaratory Judgment Act), and 2241 (habeas corpus), with 5 U.S.C. §702 et seq, (the Administrative Procedure Act)") (errors in original).  Her Petition contests the USCIS's denial of her June 19, 2018 application for an employment authorization document ("EAD").  *Id*. at 1-2.  She claims that the denial of this application (hereinafter, Cantu's "EAD Application") has caused her and her family substantial hardship because she is no longer able to legally work or travel within the U.S.  *Id*.  More specifically, she makes the following assertions and requests for relief:

1.  On June 5, 2017, she filed an application to adjust her status to that of a lawful permanent resident ("LPR") as the spouse of a United States Citizen.  Dkt. No. 1 at 2. This application was denied on May 5, 2018.  *Id*.

2.  She then requested a Notice to Appear ("NTA") before an immigration judge to challenge the denial of her application to adjust status.  Dkt. No. 1 at 2.  After requesting the NTA, she filed her EAD Application.  The USCIS denied her EAD Application.  *Id*.

3.  8 C.F.R. § 247a.12(c)(9) allows for the approval of EAD applications during "any period when an administrative appeal or judicial review of an application [for

adjustment of status] . . . is pending[.]" Dkt. No. 1 at 3. Pursuant to § 247a.12(c)(9), then, Cantu "is eligible for an EAD from when she properly filed her application for adjustment of status, until such time as she is either finally order removed, or granted lawful permanent resident status." *Id.* at 4. Respondents have erroneously reinterpreted § 247a.12(c)(9). This reinterpretation has resulted in the wrongful denial of Cantu's EAD Application. *Id.* at 4-5.

    4. Cantu cannot force the USCIS to initiate removal proceedings. Dkt. No. 1 at 3. As a result, she cannot renew her EAD Application or her application to adjust status. If the USCIS would issue an NTA so that she could appear before an immigration judge, she believes that she would be able to show that she is eligible for LPR status. *Id.*

    5. The Court should issue a declaratory judgment, declaring Cantu eligible for an EAD under 8 C.F.R. § 247a.12(c)(9). Dkt. No. 1 at 6. This judgment should declare her eligible from the time she filed for an adjustment of status until she is either granted LPR status or ordered removed. *Id.*

    6. The Court should issue an injunction enjoining Respondents "from refusing to reopen, *sua sponte*, and grant" her EAD Application. Dkt. No. 1 at 6.

    7. The Court should issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because the denial of her EAD Application has placed significant restrictions on her liberty not shared by the populace at large. Dkt. No. 1 at 5.

8. The Court should review the denial of her EAD Application because it is a "final agency action," reviewable under the Administrative Procedure Act ("APA"). Dkt. No. 1 at 5.[1]

In their Motion to Dismiss, Respondents contend that this Court lacks jurisdiction over Cantu's Petition. Dkt. No. 3 at 6-15. More specifically, Respondents contend as follows:

1. Cantu filed her instant Petition on June 23, 2019. Dkt. No. 3 at 3. Thereafter, on August 22, 2019, the USCIS granted Cantu's request for an NTA. *Id*. at 4. As she is set to appear before an immigration judge on December 17, 2019, Cantu has an avenue to pursue LPR status and employment authorization. *Id*. at 6-8. Because she has an avenue to pursue LPR status and employment authorization, she no longer has a personal stake in the outcome of this case and has presented the Court with no live case or controversy. *Id*. Her case is moot, and any attempts to

---

[1] The Court must note here that Cantu's Petition is difficult to decipher because it is full of typographical errors, fragmented sentences, incorrect dates, incorrect pronouns, and references to unidentified persons and proceedings.

> TOMASA CANTU filed an application to renew her EAD while her application of status was pending. Her request for an EAD was based on 8 C.F.R. §274a. 12 (c) (9) , which allows for employment authorization during "any period when an administrative appeal or judicial review of an application [for adjustment of status] . . . is pending," counsel assisted him in filing for an EAD asserting eligibility because he was awaiting an NTA to pursue his 1-485 with an Immigration Judge. On June 4, 2019. CIS denied her application for EAD filed on June 19, 2018 because according to CIS she was not eligible.

*Id*. at 3. (errors in original). *See also id*. at 5 ("Defendants' new interpretation is particularly onerous, given the lengthy period of time involved to review. It has now been pending for almost three years. Her application was denied in 2015, and they have not yet been placed her in proceedings with an IJ, to enable her to pursue her application in that forum."). Cantu's counsel is **NOTIFIED** that the Court will strike future filing of this nature in this or any other civil action.

argue otherwise would constitute an improper attempt to obtain the same relief from two different forums. *Id*. at 7-8.

2. To have jurisdiction over a habeas petition, the petitioner must be "in custody" at the time the petition is filed. Dkt. No. 3 at 8. If this jurisdictional requirement is not met, the court receiving the petition will have no jurisdiction to consider the petition on its merits. *Id*. This Court lacks jurisdiction over Cantu's Petition because the purported restraints on her liberty she describes do not qualify as "custody" under 28 U.S.C. § 2241. *Id*. at 8-10.

3. The Court lacks jurisdiction over Cantu's Administrative Procedures Act ("APA") claim because the APA does not provide for judicial review of an agency action when that action is "committed to agency discretion by law." Dkt. No. 3 at 12 (citations omitted).

4. Cantu's claim for declaratory and injunctive relief is "cognizable only if she ha[s] another jurisdictional basis to support her cause of action[,]" which she does not. Dkt. No. 3 at 15.[2]

Cantu had until September 12, 2019, to file a response to Respondent's Motion to Dismiss. *See* Rule 7.3 of the Local Rules of the United States District Court for the Southern District of Texas ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel."). She has not done so, or otherwise contradicted the factual allegations made in

---

[2] Respondents advance additional reasons for the dismissal of Cantu's Petition under Rule 12(b)(1) and (6). Dkt. No. 3 at 6-14. The Court need not reach these additional arguments because it lacks jurisdiction over Cantu's Petition for the reasons provided below.

Respondent's Motion. A failure to respond to a motion in this District is construed as "a representation of no opposition." Rule 7.4 of the Local Rules of the United States District Court for the Southern District of Texas.

## II.  Legal Standards

Article III of the U.S. Constitution restricts the power of federal courts, limiting them to presiding over cases and controversies. *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). As a result, federal courts lack the power to decide questions that cannot affect the rights of the litigants before them. *Id.* Federal courts similarly lack the power to provide legal opinions regarding hypothetical facts. *Id.* For jurisdiction over a lawsuit to lie in federal court, a live dispute must exist when the suit is filed, and the parties must continue to have a personal stake in the suit's outcome. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990). If no case or controversy exists when a suit is filed, or if the parties cease to have a stake in the suit's outcome, a federal court must dismiss the suit on the grounds of mootness. *Chafin v. Chafin*, 568 U.S. 165, 172.

The party asserting federal court jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

> When a party files a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (citation omitted)

>  (citing *Paterson [v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)]). If, however, the defendant supports the motion with affidavits, testimony, or other evidentiary materials, then the attack is "factual" and the burden shifts to the plaintiff to prove subject matter jurisdiction by a preponderance of the evidence. *Id*.

*MacKenzie v. Castro*, No. 3:15-CV-0752-D, 2016 WL 3906084, at *2 (N.D. Tex. July 19, 2016) (citations omitted).

### III. Discussion

After Cantu filed her instant Petition, the USCIS granted her request for an NTA. Dkt. No. 4-8 at 1. She is now set to appear before an immigration judge on December 17, 2019. *Id*. As she is now in removal proceedings, Respondents argue that Cantu may renew her attempts to obtain LPR status and employment authorization. Dkt. No. 3 at 11. Cantu has not contested this allegation with any facts or evidence. Because her claims all concern the USCIS's denial of her EAD Application, or its failure to issue an NTA, she has not demonstrated that she possesses a personal stake in the outcome of this case. Having presented the Court with no live case or controversy, then, her case is moot and should be dismissed under Rule 12(b)(1). *See Chafin v. Chafin*, 568 U.S. 165 (opining that, if no case or controversy exists when a suit is filed, or if the parties cease to have a stake in the suit's outcome, a federal court must dismiss the suit on the grounds of mootness). Further, even if this were not the case, Respondents' additional above-summarized arguments correctly provide ancillary grounds for dismissal under Rule 12(b)(1). Cantu's Petition should, therefore, be dismissed. *See* FED. R. CIV. P. 12(b)(1).

## IV. Recommendation

It is recommended that the Court: (1) **GRANT** Respondents' Motion to Dismiss (Dkt. No. 3); (2) **DISMISS** Cantu's Petition without prejudice as moot; and, (3) **DIRECT** the Clerk of Court to close this case.

## V. Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 11th day of October, 2019.

_____
Ignacio Torteya, III
United States Magistrate Judge